IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THERESA KIMES, individually and as Guardian Ad Litem for her minor daughter R.K., | ) ) ) ) | CIVIL NO. 16-00264 JMS-RLP |
| | ) | FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S BILL OF COSTS |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| STATE OF HAWAII DEPARTMENT OF EDUCATION, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S BILL OF COSTS[1]

Before the Court is Defendant State of Hawaii Department of Education's Bill of Costs filed on May 14, 2018. ECF No. 126.  Plaintiff filed an Objection on May 17, 2018.  ECF No. 130.  Although provided with an opportunity to reply, Defendant did not file a response to Plaintiff's Objection.  See ECF No. 131.  After a review of the parties' submissions, the record in this action, and the relevant authority, the Court FINDS and RECOMMENDS that the Bill of Costs be DENIED.

BACKGROUND

In this action, Plaintiff alleged that Defendant violated Section 504 of the Rehabilitation Act by (1) denying

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

R.K. reasonable accommodations that she needed in order to enjoy meaningful access to the benefits of her public education at Mokulele Elementary School and (2) acting with deliberate indifference towards R.K.'s right to a free and appropriate public education under the Individuals with Disabilities Education Act.  See ECF No. 1.

Following a four-day trial, the jury returned a verdict finding that Plaintiff proved by a preponderance of the evidence that Defendant denied R.K. a reasonable accommodation that she needed in order to enjoy meaningful access to the benefits of her public education and finding that Plaintiff did not prove by a preponderance of the evidence that Defendant acted with deliberate indifference.  See ECF No. 124.  Judgment was entered in favor of Defendant in accordance with the jury's verdict and the Court's prior order granting in part a prior motion for summary judgment.  ECF No. 125.  Defendant filed its Bill of Costs on May 14, 2018, seeking an award of $8,143.90 in costs. ECF No. 126.

## DISCUSSION

Federal Rule of Civil Procedure Rule 54 provides that "costs -- other than attorney's fees -- should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Under Rule 54(d), there is a presumption that the prevailing party will be awarded costs.  Save Our Valley v. Sound Transit, 335 F.3d 932, 944 (9th

Cir. 2003). To overcome this presumption, a losing party must establish a reason to deny costs. Id. See also Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). The court may consider the several factors in exercising its discretion to deny an award of costs to the prevailing party, including the public importance of the case, the difficulty of the issues presented, the chilling effect on future actions, the plaintiff's limited financial resources, and the economic disparity between the parties. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing Mexican-American Educators v. California, 231 F.3d 572, 592-93 (9th Cir. 2000)). In considering the factors as detailed below, the Court FINDS and RECOMMENDS that the district court decline to award costs in this case.

First, the Court finds that this case has substantial public importance. Section 504 of the Rehabilitation Act was enacted, in part, to ensure that disabled children are provided with meaningful access to the benefits of a free and appropriate public education. See Mark H. v. Lemahieu, 513 F.3d 922, 925 (9th Cir. 2008) ("Section 504 of the Rehabilitation Act requires that disabled individuals not 'be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity' that receives federal funds); see also Brown v. Bd. of Ed. of Topeka, Shawnee Cty., Kan., 347 U.S.

483, 493, 74 S. Ct. 686, 691, 98 L. Ed. 873 (1954) ("[E]ducation is perhaps the most important function of state and local governments.").

Second, the Court finds that this case was close. Plaintiff's Section 504 claim survived summary judgment. <u>See</u> ECF No. 52. After the presentation of evidence during trial, the jury deliberated for three days before returning a verdict that found that Plaintiff had proven that Defendant denied R.K. a reasonable accommodation that she needed in order to enjoy meaningful access to the benefits of her public education, but that Defendant did not act with deliberate indifference. <u>See</u> ECF No. 124.

Third, the Court finds that an award of costs against Plaintiff could chill similar Section 504 lawsuits regarding access to education. Future litigant may choose not to risk an unsuccessful lawsuit that may result in an award of costs.

Finally, the Court finds that Plaintiff's limited financial resources and the economic disparity between the parties both weigh in favor of favor of declining to award costs. Plaintiff states that she is a homemaker and that her husband is retired from the United States Army and is currently a United Parcel Service employee. <u>See</u> ECF No. 130 at 6. In contrast, the State of Hawaii bore the defense costs of this case.

After consideration of the relevant factors, the Court

4

FINDS and RECOMMENDS that the district court exercise its discretion to decline to award costs in this action and that Defendant's Bill of Costs be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MAY 30, 2018.



_____
Richard L. Puglisi
United States Magistrate Judge

**KIMES V. STATE OF HAWAII DEPT. OF ED.; CIVIL NO. 16-00264 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S BILL OF COSTS**